# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **PEDER DWAYNE HALVORSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:12-5433 |
| **BECKLEY CITY POLICE**, *et al.*, | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on September 14, 2012. (Document No. 3.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### FACTUAL BACKGROUND

On September 14, 2012, Plaintiff, acting *pro se*, filed his Complaint naming the following as Defendants: (1) Beckley City Police; (2) Badge No. 229; and (3) Officer White. (Document No. 1.) In his Complaint, Plaintiff alleges as follows:

> Harassment and prejudice, over several times, by these 2 policemen in this same area. I was drinking on private property (Witnesses Michael Isaac and Josh Fakess), they told me to come to them. I followed their command (East Prince St., Beckley, area of

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>419). I would request you get a warrant to obtain because this was police prejudice and entrapment. Over the years, they have harassed 5 to 6. This was all over East Park. They would search my car several times and found nothing. Pulled me over for no reason, but June 3, 2011, was entrapment and prejudice against me. The other boys that were there had a case of beer on the city street and drinking while working on a car. Never cited them and I will explain rest.
>
>I need to sue City Police of Beckley as I already explained. Reason of I have my rights to have this and compensated for the anger they costed me. I was on private property. They looked at me and called me over to them so I followed their command. I had just finished my second beer so when I blew in the box, a mist of beer showed me intoxicated. I only had 2 beers. They wrote me up on public intoxication and made me have to leave. I was on heavy meds, so I didn't drive. You check my records. Never had DWI. I don't drink and drive.

(Id., pp. 4 - 6.) Plaintiff requests "compensation." (Id., p. 5.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

2

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a violation of a federal statute or constitutional provisions.[3] Plaintiff complains that Defendants' conduct resulted in "harassment and

---

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state . . .;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[3] To the extent Plaintiff is attempting to present a claim under Section 1983, the Court finds his claim to be without merit. The undersigned finds that the Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the *Younger*-abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996).

prejudice."[4] Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires that the amount in controversy exceeds $75,000. Plaintiff merely requests "compensation" for his anger. Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept

---

A court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bath faith exception, plaintiff must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, it appears that criminal proceedings are ongoing as Plaintiff is arguing that he was improperly charged with public intoxication. Second, a pending state criminal proceeding clearly involves an important state interest. Third, it appears that the matter in controversy is on-going and Plaintiff will have an adequate opportunity to present his claims in the state court proceedings. Furthermore, Plaintiff has failed to allege sufficient facts to establish the applicability of the bad faith exception.

[4] Rule 8(a)(2) further requires that a Plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In <u>Ashcroft v. Iqubal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court stated as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqubal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citations omitted). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Drummond v. South Carolina Department of Corrections*, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990)).

the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 3.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 7, 2013.

R. Clarke VanDervort
United States Magistrate Judge